UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In Ref: John Paul "Pops" Turner
Case No. _____ (Judge Urbina)

07 MC 306

FILED
MAR - 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Request for Reconsideration
and/or
<u>Notice of Appeal</u>

Please reconsider Judge Urbina's leave to file denied order of 2/15/07 and/or let me appeal it.

I am simply trying to perfect my 24 468 391 Statement of the Case at the Board of Veterans Appeals (BVA) as a veteran claimant under the "government's duty to assist me" Veterans Claims Assistance Act, 38 USC 5103(a), my military-retired 10 USC 1074(b), and Rule 40 of the U.S. Supreme Court which allows veterans like me to proceed free-of-charge when suing to establish my reemployment rights.

My BVA felony-stigma is disabling because it is preventing me from obtaining work. The cause for it to have come about as a severe mental and physical impairment for me was the erroneously ruling by my 94-1527 and 96-0218 D.C. USDC that the U.S. Government's own 1930's regenerated wild-stand hemp substance of my 94-1527 Department of Defense/U.S. General Accounting Office "whistleblowing" appeal did not exist. That is: Its actual existence--specifically in reference to my unpaid claims for reimbursement of my out-of-pocket Navy travel expenses and my Department of Defense DOHA Claim No. 98040514 that the Navy was misappropriating government funds by denying me my travel pay and diverting it to finance its drug testing of me--was proving that the government's zero-drug-tolerance to be government policy

1

RECEIVED
MAR 0 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Turner

that was unjust, capricious and unreasonable. My 06-0218 response about it by the Virginia Attorney General was that he could only guess where my allegations on marijuana had come.

Like the federal government, the Commonwealth of Virginia abused its discretion by not applying its own "clean hands" doctrine. At my 1995 "hemp rather than marijuana" felony prosecution, the Commonwealth of Virginia had the 94-1527 and 96-0218 wild-stand hemp in its possession but it did not produce it as evidence at my trial.

### Certificate of Service

No one has been designated to be serviced.

*John Paul "Pops" Jun 3-2-07*
John Paul "Pops" Turner
CPO, U.S. Navy Retired
2237 Hankey MT HWY
Churchville, VA 24421-2814
540-337-6793

CO 217B
Rev 2/06
FPI-SST

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

John Paul Turner
_____
Plaintiff(s)

07 mc 306

vs.

USDC
_____
Defendant(s)

Dear: Mr. Turner :

In the above entitled case, please be advised that on 2/15/07 Judge Urbina endorsed thereon as follows:

"Leave to file without prepayment of costs is **DENIED**."

As a result of the Judge's ruling, your case has not been filed with our Court and is being returned to you at this time. Thank you.

NANCY MAYER-WHITTINGTON, CLERK

By: L. Scott
_____
Deputy Clerk

07 MC 306

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In Re: John Paul "Pops" Turner
Case No. _____

**LEAVE TO FILE DENIED**
Ricardo M. Urbina
2/5/07

<u>Motion for Leave to File and Certificate of Concurrence</u>

Issue: I have no civil rights because DC USDC 94-1527, etc. ignored the existence of the Appendix (A) government hemp.

### Statement of the Case

I have no civil rights. Not even to be calling to court to testify or to state their public position those whom are directly involved or those whom are corresponding with me on the matter of the Virginia 21-day rule which before having ended in 2004 had prevented me from submitting the new evidence of my innocence 21 days after a conviction; or on the matter of the doctrine of collateral estoppel which arose by DC USDC 94-1527, which ignored the existence of the government hemp, having preceded my Virginia state court conviction within the same subject jurisdiction. Not even to be publicly in court and out in the community that my in-court and out-of-court legal rights have not been granted to me.

<u>Robert Sharpe</u>: A program officer with the Drug Policy Alliance (Washington, DC)--

He stated in the Staunton, VA Daily News newspaper about me on September 7, 2002 that: "Letter writer John Paul Turner makes a strong case for the reform of marijuana laws. The recent finding that teenagers have an easier time buying marijuana than beer is one of the more telling examples of drug war failures."

Turner

<u>John Thomas</u>:  A Waynesboro Police Department officer assigned to the Augusta County Sheriff's Department (Staunton, VA)--

He did not testify at my DC USDC 94-1527 following Virginia state court conviction.  He did not have the "Item two" government hemp seeds tested like I asked him to do when voluntarily turning them over to him.  Neither did the court.  As per my unanswered in-time petition for rehearing at my 1995 felony state trial court about it and also the judge's unanswered "Is it the same kind" courtroom question to me about it as well, the substance of my case was the DC USDC 94-1527, etc. ignored government hemp, not marijuana.

<u>Ken Reid</u>:  A sergeant and a crime scene investigator with the Augusta County Sheriff's Department (Staunton, VA)--

He testified at my state trial where I was held accountable also as a DC USDC 94-1527 follow-up serial violent drug offender, but he did not mention that I had acknowledged that I did not know who drank the beer when I showed him an empty beer carton at the crime scene; and I was not lying in court when I replied that I did not know who drinks the named brand of beer.  Though I named a teenager as a witness to testify in favorable of my defense, he was not called to take the stand.  Not even at my appeals trial court even though he had signed an affidavit before it that no one was drinking beer at any time during our joint presence.  As per my unanswered in-time request for a reconsideration at my 2004 misdemeanors state trial court, the activity of my case was the snorting of crack rather than the drinking of beer.  (The teenagers themselves were convicted

2

Turner

of having sex without being married and me with having contributed to their delinquency.)

<u>Susan C. Miller</u>: The General Registrar for the County of Augusta (Verona, VA)--

In her letter to me of July 6, 2006, she is stating that the County of Augusta does not have the authority to grant anyone permission to utilize the Churchville Volunteer Fire Department property. I am, in effect, thus barred from publicly protesting as a DC USDC 94-1527 follow-up veteran with disabilities at my own local, ~~state and federal district~~ Churchville Firehouse Voting Poll. My requests to the firehouse about it have remained unanswered.

<u>Capt. R.A. Dickerson</u>: Staunton Police Department (Staunton, VA)--

In his letter to me of October 3, 2006, he is informing me that I will be arrested and charged with a Class 1 misdemeanor for each violation if I publicly hold the proper retirement of my government-given American Flag and my government-given Holy Bible as an outdoor protest-entertainment event any where in the city on public and on private property to be including at my own downtown Augusta County Courthouse--where not only are my in-time request for a reconsideration at my "crack rather than beer" misdemeanors trial court and my in-time petition for rehearing at my "hemp rather than marijuana" felony trial court remaining unanswered but also my grievance on the involuntary treatment of me as a prisoner.

3

Turner

<u>Maj. Gen. Robert B. Newman, Jr.</u>: The adjutant General of Virginia (Richmond, VA)--

In his letter to me of September 19, 2006, he is stating that he does have the authority to allow my presence in or near voting stations. However, he is also stating that if I am successful in my federal litigation, please forward him a copy of the order endorsed by the court and he will certainly comply and enforce that order.

<u>Relief Sought</u>

I am asking that my DC USDC 94-1527, etc. follow-up in-time but unanswered requests for my courtroom rights especially my appeal rights and also my requests for my outdoor protest-entertainment event permits be granted and their requirements and fees waived-- that is, so that I may freely utilize my freedom of speech and freedom of religion 1st Amendment right by publicly protesting. My federal court request for National Guard protection is for those whom might be frightened and from those whom might want to do me bodily harm by my hodling the proper retirement of my government-given Holy Bible and government-given American Flag as an outdoor protest-entertainment event, which may very well provoke an Islamic chanting as a Freudina slip like this:

```
   G            C              D                      G
   F America    praise Allah   praise the Prophet Muhammad
                       D   C
   This ain't no holy war    I ain't gonna die this way
   D                         G
   I ain't gonna die this way.
```

John Paul "Pops" Tur 10-11-06
John Paul "Pops" Turner
CPO, U.S. Navy Retired
2237 Hankey MT HWY
Churchville, VA 24421-2814
540-337-6793

4

The Daily News Leader, Monday, May 18, 1998

# Farmers sue government to get ban on hemp lifted

**By Mark R. Chellgren**
Associated Press Writer

LEXINGTON, Ky. — Farmers, a hemp company and a trade organization sued the government Friday to get the 26-year ban on growing industrial hemp lifted, contending that Congress never intended for it to be illegal.

The lawsuit by six would-be hemp farmers, the Kentucky Hemp Growers Cooperative and the Hemp Co. of America contends hemp's illegal status violates a 1937 determination by Congress that the plant doesn't share the psychoactive effects of its cousin, marijuana.

"We're going to try to get the definition recreated," said Andy Graves, president of the cooperative.

Hemp growing was made illegal under the Controlled Substances Act of 1972. The lawsuit was filed in U.S. District Court in Lexington.

Plaintiffs claim the Drug Enforcement Administration's hemp prohibition violates the constitutional doctrine of separation of government powers. Defendants in the suit are the DEA and the Justice Department.

Spokesmen for both agencies said they had not seen the lawsuit.

Farmers have long complained that the government makes no distinction between marijuana and hemp, which supporters claim is a nearly perfect crop with uses ranging from medicine to rope.

Hemp and marijuana are both varieties of the cannabis plant. But hemp, which is grown commercially in some other countries, typically contains less than 1 percent of the active ingredient, THC, that makes pot smokers high.

Farmers in the South and Midwest view disease-resistant hemp as a rotation crop among grains and vegetables, and in Kentucky, it offers a hedge against tobacco's uncertain future.

John Howell of the Hemp Co. said he has buyers who want hemp pulp for paper, its linen for cloth and its oil for medicine and lubrication uses.

The hemp debate has long raged in Kentucky, where it was produced in huge quantities for rope during World War II and where wild stands are still common. A state legislative committee conducted hearings on the topic in 1997, which prompted a letter to Gov. Paul Patton from national drug czar Barry McCaffrey.

"Hemp and marijuana are the same plant: the seedlings are the same and in many instances the mature plants look the same," McCaffrey said.

McCaffrey called hemp "a novelty product which can only sustain a novelty market."

"The end result of legalizing hemp production might well be de facto legalization of the cultivation of marijuana," McCaffrey

Appendix (A)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In Ref: John Paul "Pops" Turner (vs. DC USDC, etc.)
Case No. _____

Affidavit to Proceed IFP

I have no job and no home and no vehicle to even go to VA for medical treatment for my 24.46% 391 Statement of the Case. My 2005 self-employment: $424. I own land at $5,700. I am in debt to Genworth Financial at $4,000.00. I get food stamps.

John Paul "Pops" Turner   10-11-06
John Paul "Pops" Turner
CPO, U.S. Navy Retired
2237 Hankey MT HWY
Churchville, VA 24421-2814
540-337-6793

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

AUG 2 2 2002

NANCY MAYER WHITTINGTON, CLERK
U.S DISTRICT COURT

| | |
|---|---|
| John Paul Turner, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 02-1285 |
| | ) |
| National Drug Czar, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER ENJOINING PLAINTIFF

This matter comes before the Court upon review of plaintiff's request for reconsideration and response to this Court's Order, filed June 26, 2002, to Show Cause why he should not be enjoined from filing further civil actions without first obtaining leave of court. In doing so, plaintiff does not identify any errors in the Court's June 26th order, explain why the order should be reconsidered or why he should not be enjoined. Rather, plaintiff raises the same challenges to his Virginia state court conviction and the national drug policy that has been the basis for many of his prior cases here.

Plaintiff's challenges, which he has repeatedly been told cannot be heard in this Court, cannot continue. Each such action brought here imposes on this Court considerable costs in money, resources and manpower to file, review and resolve the claims raised. Considering the undisputed evidence of plaintiff's repetitive filings of a frivolous nature, the Court is compelled to protect and preserve its limited resources in the administration of justice. Urban v. United Nations, 768 F.2d 1497, 1500 (D.C. Cir. 1985). Consequently, this Court is left with no alternative but to enjoin plaintiff. In re Powell, 851 F.2d 427, 431 (D.C. Cir. 1988). The Court will not bar plaintiff from filing complaints, but only require that all complaints be

accompanied by a motion for leave to file. The motion should certify that the claims have never previously been brought before a court, including any challenges to plaintiff's Virginia state court conviction or his disagreement with national drug policies. Complaints received by the Clerk's Office that are not accompanied by a motion for leave to file will be placed in a miscellaneous file to be opened for just this purpose. See In re Powell, 851 F.2d at 431 n.10. In doing so, the Court will continue to carefully review each complaint filed by plaintiff for compliance with this order.

Accordingly, in light of Mr. Turner's repetitive filings despite repeated warnings of the consequences, and bearing in mind the need to balance protection for the orderly administration of justice with the individual's constitutional right of access to the courts, it is this 13 day of August 2002,

ORDERED that the order to show cause is DISCHARGED; it is

FURTHER ORDERED that plaintiff John Paul Turner is enjoined from filing further civil actions with this court unless he first obtains leave of court upon certification that any such complaint raises new matters never before decided on the merits by any court; that he shall include a concise description of the allegations contained in his complaint; and that he shall truthfully so certify any complaint on penalty of contempt of this Court; it is

FURTHER ORDERED that the Clerk's Office shall open a miscellaneous case number and file therein a copy of this Order; the Clerk's Office shall note the number of this miscellaneous case in the file of this civil action; the Clerk's Office shall place, without docketing, in the miscellaneous case all of plaintiff's pleadings received after the date of the Court's order to show cause in this action that have not already been assigned a case number,

2

and all future complaints received from plaintiff that are not in compliance with this order; the Clerk's Office shall return unfiled all future complaints received from plaintiff that the court denies leave to file; and it is

FURTHER ORDERED that plaintiff's motion for reconsideration [#5] is DENIED, but is construed as a NOTICE OF APPEAL as requested on page 2 of the motion.

SO ORDERED.

United States District Judge

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**FILED** MAR 4 2003

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

No. 02-5263

September Term, 2002

02cv01285

**MANDATE**

Pursuant to the provisions of Fed. R. App. Pro. 41(a)

ISSUED: 2/28/03
BY: [signature] Deputy Clerk

ATTACHED:
___ Amending Order
___ Opinion
___ Order on Costs

Filed On:

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
FILED DEC 6 2002
CLERK

John Paul Turner,
    Appellant

v.

National Drug Czar and White House, Washington DC,
    Appellees

---

### APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Ginsburg, Chief Judge, and Sentelle and Henderson, Circuit Judges

### JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. It is

**ORDERED AND ADJUDGED** that the district court's order filed August 22, 2002, enjoining appellant from filing further civil actions in district court without first obtaining leave of court, be affirmed. In view of the frequency, similarity, and frivolity of the complaints filed by appellant, the district court did not abuse its discretion in entering an order of injunction against him, and followed the appropriate procedures in so doing. See In re Powell, 851 F.2d 427 (D.C. Cir. 1988); Urban v. United Nations, 768 F.2d 1497 (D.C. Cir. 1985).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

Per Curiam

[signatures]

A True copy:
United States Court of Appeals
for the District of Columbia Circuit
By: [signature] Deputy Clerk

Bills of cost must be filed within 14 days after entry of judgment. The Court looks with disfavor upon motions to file bills of costs out of time.